UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, 10 S. Howard Street, 3rd Floor Baltimore, MD 21201, <br><br> Plaintiff, <br><br> v. <br><br> TOYS "R" US – DELAWARE, INC., 6100 Dobbin Road Columbia, MD 21045 <br><br> Defendant. | Civil Action No. **CCB 13 CV 0756** <br><br> COMPLAINT <br><br> JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 (ADA), as amended through the ADA Amendments Act of 2008, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Shakirra Thomas ("Thomas"). As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("the EEOC" or the "Commission") alleges that Defendant Toys "R" Us – Delaware, Inc. ("Defendant"), unlawfully discriminated against Thomas, who is profoundly deaf, by failing to provide a reasonable accommodation during a pre-employment interview and failing to hire her for any employment at its Columbia, Maryland store based on her disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107 (a) of the ADA, 42 U.S.C. §12117 (a), which incorporates by reference Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e - 5 (f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706 (f)(1) of Title VII, 42 U.S.C. § 2000e - 5 (f)(1).

4. At all relevant times, Defendant has been a Delaware corporation doing business in the State of Maryland, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. §12111(5), and Section 101 (7) of the ADA, 42 U.S.C. §12111(7), which incorporates by reference Sections 701 (g) and (h) of Title VII, 42 U.S.C. §§ 2000e - (g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Thomas filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. At all relevant times, Thomas has been a person with a disability as defined by the ADA.

    a. Thomas is actually disabled in that she has a physical impairment (profound deafness) which substantially limits the major life activities of hearing and speaking.

    b. Thomas communicates by using American Sign Language, reading lips, and through written word.

9. In late October, 2011, Thomas applied for a Team Member position at Defendant's Columbia, Maryland store.

10. Thomas possessed the requisite qualifications for a Team Member position.

11. Thomas was capable of performing the essential functions of a Team Member position with or without reasonable accommodation.

12. In late October, 2011, Defendant contacted Thomas via telephone and invited her to attend a group interview on November 5, 2011.

13. Thomas's mother, Michelle Delk, informed Defendant that Thomas was deaf and requested that Defendant provide an interpreter during the hiring process.

14. Defendant informed Delk that Thomas could attend the November 5, 2011 group interview; however, Thomas would have to provide her own interpreter at her own expense.

15. Thomas attended the November 5, 2011 group interview, and Delk interpreted.

16. In the weeks following the interview, Delk contacted Defendant on Thomas's behalf to check on the status of Thomas's application, however Defendant did not respond.

17. Beginning in late October, 2011, Defendant engaged in unlawful employment practices at its Columbia, Maryland store, in violation of Section 102 of Title I of the ADA, 42 U.S.C. §12101 et seq. These employment practices include but are not limited to the following:

    a. failing to reasonably accommodate Thomas by providing her with an interpreter during her job interview; and

    b. failing to hire Thomas for any position at its Columbia, Maryland store on the basis of her disability, deafness.

18. The effect of the practices complained of above has been to deprive Thomas of equal employment opportunities on the basis of her disability, deafness.

19. The unlawful employment practices complained of above were intentional.

20. The unlawful employment practices complained of above were done with malice or with reckless indifference to Thomas's federally protected rights.

21. The practices complained of above have inflicted emotional pain, suffering, and inconvenience upon Thomas.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of disability.

B. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from failing to provide a sign

language interpreter during the hiring and interview process to deaf or hard of hearing applicants who request sign language interpreters as a reasonable accommodation.

C.  Order Defendant to institute and carry out policies, practices, and programs which provide equal opportunities for qualified individuals with disabilities, and which provide affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to implementing a policy and procedure for handling the application and interview process for open positions without regard to an individual's disability and without discrimination towards persons with disabilities as well as the provision of interpreters during the hiring and interview process to deaf or hard of hearing applicants who request sign language interpreters as a reasonable accommodation.

D.  Order Defendant to make whole Thomas by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to rightful place instatement of Thomas or, in the alternative, frontpay.

E.  Order Defendant to make Thomas whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described above, including but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, frustration, and humiliation, in amounts to be determined at trial.

F.  Order Defendants to pay Thomas punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____
DEBRA M. LAWRENCE
Regional Attorney

_____
MARIA SALACUSE
Supervisory Trial Attorney
Bar No. 15562

_____
JAMES L. CERWINSKI
Trial Attorney
GA Bar No. 277846
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
10 S. Howard Street, 3rd Floor
Baltimore, Maryland 21201
(410) 209-2220 (phone)
James.Cerwinski@eeoc.gov

6